**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARIA RICARD,

      Plaintiff,

vs.                                                                  No. 99-CIV-0752 BB/LCS

CITY OF ALBUQUERQUE, NEW MEXICO,
ALBUQUERQUE POLICE DEPARTMENT
DETECTIVE ART YOUNGER, ALBUQUERQUE
POLICE DEPARTMENT OFFICER J. CUMBIE,
ALBUQUERQUE POLICE DEPARTMENT OFFICER
C. JOHNSON, ALBUQUERQUE POLICE DEPARTMENT
OFFICER MIKE SANDOVAL, and ALBUQUERQUE
POLICE DEPARTMENT SERGEANT C. CHESTER,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of Defendants' motion for partial summary judgment (Doc. 12). The Court has reviewed the parties' submissions and the relevant law and, for the reasons set forth below, determines that Defendants' motion should be GRANTED in part and DENIED in part.

Plaintiff has filed a complaint raising federal constitutional claims as well as claims under the New Mexico Tort Claims Act (the Act). Plaintiff has named as Defendants individual police officers as well as the City of Albuquerque. Defendants' motion for summary judgment asks dismissal of the state tort claims, on the basis that Plaintiff did not provide timely notice of her claims. Such notice is a requirement under the Act. *See* NMSA 1978, § 41-4-16.

Plaintiff concedes she did not provide notice to the City, and consents to the dismissal of

her state-law claims against the City.[1] However, she argues that under New Mexico law, no tort claims notice must be provided to allow her to proceed with her state-law claims against the individual Defendants. Plaintiff's argument is correct; the notice prerequisite for suit under the Act applies only to claims brought against public bodies, not against individuals. *See Dutton v. McKinley County Bd. of Comm'rs*, 822 P.2d 1134, 1136 (N.M.App. 1991); *Martinez v. City of Clovis*, 625 P.2d 583, 585 (N.M.App. 1980). Dismissal of Plaintiff's state-law claims against the individual Defendants, therefore, is not warranted.

**CONCLUSION**

Based on the foregoing, Defendants' motion for partial summary judgment will be granted only insofar as it seeks dismissal of the state-law claims raised against the City. Plaintiff will be allowed to pursue these claims against the individual Defendants, and will be allowed to pursue her federal civil-rights claims against all Defendants.

**ORDER**

A Memorandum Opinion in the above-entitled case was entered this date.

IT IS THEREFORE ORDERED that Defendants' motion for partial summary judgment (Doc. 12) be, and hereby is, GRANTED in part and DENIED in part.

---

[1] Plaintiff's brief states she "agrees that no tort claims notice was sent and concedes to the dismissal of the pendent State tort claim articulated in Count VI of the Complaint as against the Defendant City of Albuquerque only." Thus stated, Plaintiff's concession to dismissal is limited to the sixth count of the complaint filed in this case. However, the seventh count also states a state-law tort claim against all Defendants. Given Plaintiff's agreement that no tort claims notice was provided to the City, the Court assumes Plaintiff would also concede that the seventh count of the complaint, as well as the sixth, must be dismissed against the City.

DATED January 27, 2000.

```
                                            _____
                                            BRUCE D. BLACK
                                            UNITED STATES DISTRICT JUDGE
```

**ATTORNEYS**

**For Plaintiff**
Brad D. Hall
3200 Carlisle Blvd. N.E.
Suite 224-A
Albuquerque, New Mexico 87110

Kathryn Hammel
Cates & Hammel, P.C.
P.O. Box 1885
Los Lunas, New Mexico 87031

**For Defendants**
Richard A. Sandoval
Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103